HAVARD, et al. *v.* BD. SUPERVISORS, HUMPHREYS COUNTY, FOR USE AND BENEFIT OF LOUISE CONSOL. SCHOOL DISTRICT.

March 15, 1954

No. 39156        57 Adv. S. 14        70 So. 2d 875

*Hermon Dean,* Canton, for appellants.

*Montgomery & Varnado,* Belzoni, for appellees.

GILLESPIE, J.

The appellee, Humphreys County, acting through the board of supervisors and the trustees of the Louise Consolidated School District, sued appellants, I. W. Havard and the surety on his performance bond. The declaration was grounded on a contract entered into between appellee and Havard to construct classrooms and a gymnasium according to plans and specifications prepared by appellee's architect; that Havard failed to perform the contract according to the plans and specifications; that the contract contained Havard's guarantee against defects in workmanship for a period of one year from final acceptance; that certain defects appeared within the one year guarantee period; that Havard refused to make the necessary repairs; that another contract was let to accomplish the needed repairs for the sum of $3,051.00, the amount of the demand. The declaration made the general charge of the failure to construct the building according to plans and specifications and did not apprise the defendant wherein he failed in that regard. The contract and specifications were exhibited to the declaration, as was the second contract

and specifications, for the repairs. The plans were not
attached.

Appellants made affidavit for a bill of particulars
specifying the time the defects appeared, what they were,
what part of the building said defects were located in
and itemizing the claim against the appellants. This
was overruled by the trial court. This was error but
is not assigned and we cannot reverse for error not
assigned. However, since the case is reversed on other
grounds, the bill of particulars should be required before
a new trial is had.

The defendants answered, denying the general charges
that Havard failed to construct the building according
to specifications. The case proceeded to trial and the
verdict of the jury was for appellees for the sum sued
for, $3,051.00. Appellants made motion for a new trial
on the grounds that a peremptory instruction should have
been granted, that the verdict was contrary to the law
and the evidence, and that the verdict was excessive.
The overruling of this motion is assigned here as error.

A Mr. Rankin was the representative of the architect
to inspect the work. He made inspections as the work
progressed and visited the job twice a week. The con-
tract provided for final inspection and approval by the
architect and for the issuance by him of a certificate
that the work had been completed by appellant and ap-
proved by the architect. This was done and Havard was
paid in full. This final inspection appears to have been
in July. In the following November, at the request of
school officials, the architect gave Havard notice of cer-
tain defects, including the buckling of the gymnasium
floor. Havard corrected the other defects and did some
work on the floor, after which he declined to do any-
thing further on the grounds that he had completed his
contract. The evidence showed without dispute that the
gymnasium floor buckled up over a large area of the
building, including that part near the north wall; that
underneath the subfloor there was dampness; that the

north wall was damp; that the walls were of concrete block, back-plastered with cement and with face brick on the outside, making in all a thirteen-inch masonry wall. The specifications that were exhibited to the declaration were introduced, but the plans do not appear to have been introduced. The specifications for the repair work called for work to be done not called for in the original plans and specifications, including weather-proofing the north wall, hot mopping the interior of the north wall, and laying extra screeds 'or sills under the gymnasium floor, and punch draining the wall. The appellees did not seek to charge Havard with the cost of the extra screeds, the hot mopping the inside of the wall to a height of two feet, and punch draining the wall.

All of the several lay witnesses for appellee testified as to conditions found when the floor was taken up for repairs, but none gave any satisfactory testimony as to the cause of the dampness that caused the floor to buckle. The architect who drew the plans and specifications testified that the floor buckled because of dampness underneath it. As to where the water came from, he said if the building had been built according to plans and specifications the water could not have come in, but without making any specific statement as to any specific defect in materials or workmanship. The architect had visited the job during construction only about once every ten days. He finally stated that any of the walls could let the water in; that he did not know whether it came through the concrete floor slab; that he did not know where the water came from. Rankin, the architect's inspector did not testify. There was some inconclusive testimony as to the asphalt felt on the concrete slab, and the resin paper between the subfloor and the oak top floor, and the kind and condition thereof. The sub-contractor who built the gymnasium, under inspection by the architect, stated that he built it without departing from the architect's plans and specifications.

The testimony in this case, when considered most favorably to plaintiff, fails to prove (1) wherein the contractor failed to follow the plans and specifications, or (2) whether the alleged defects in the building were the result of faulty workmanship, or from the use of defective material, or (3) whether the defects in the building resulted from insufficient plans and specifications or from failure of the contractor to follow the plans and specifications.

The general rule is that a construction contractor who has followed plans and specifications furnished by the owner, architect, or engineer, and which have proved to be defective or insufficient, will not be responsible to the owner for loss or damages which result after the work has been completed, solely from the defective plans and specifications, in the absence of any negligence on the part of the contractor or any express warranty by him as to the plans and specifications being free from defects. 9 Am. Jur., 20.

The motion for a new trial should have been sustained on the ground that the verdict was contrary to the law and evidence.

Reversed and remanded.

All justices concur.