749 So.2d 298 (1999)
AMERICAN 3-CI, Appellant,
v.
Sherry FARROW, Appellee.
No. 98-CA-00625-COA.
Court of Appeals of Mississippi.
September 7, 1999.
Edward J. Currie, Jr., William W. McKinley, Jr., Jackson, Attorney for Appellant.
D. Reid Wamble, Holly Springs, Attorney for Appellee.
BEFORE McMILLIN, C.J., DIAZ, AND KING, JJ.

ON MOTION FOR REHEARING
McMILLIN, C.J., for the Court:
¶ 1. The original opinion is withdrawn and this opinion is substituted in its place. The motion for rehearing is granted. American 3-CI has appealed from the trial court's decision to deny its motion to set aside a default judgment. The judgment was entered in a tort suit filed by Sherry Farrow in the Circuit Court of Marshall County. Finding that the trial court erred in denying American 3-CI's motion, we vacate the judgment and remand for an appropriate inquiry limited to the issue of the assessment of Farrow's damages.
¶ 2. This suit arose out of a claim for property damage and personal injuries allegedly suffered by Farrow as the result of a motor vehicle accident. Farrow filed suit in July 1997 claiming that she had been struck through the negligence of an *299 employee of American 3-CI who was, at the time of the accident, acting within the course and scope of his employment. Due to internal foul-ups at American 3-CI that have no relevance to our decision, the company failed to file an answer to the suit. On September 2, 1997, Farrow filed an application for entry of default. The requested entry of default was entered by the circuit clerk on that same date pursuant to the dictates of Mississippi Rule of Civil Procedure 55(b). Farrow then applied to the court for judgment by default and asked for a writ of inquiry to assess her damages. The circuit court held a hearing on September 8, 1997, and apparently heard evidence of Farrow's damages at that time though no record was made of the hearing. The court entered judgment in favor of Farrow in the amount of $50,000. Insofar as the record reveals, American 3-CI had no notice that the hearing was being conducted.
¶ 3. Upon learning of the entry of this default judgment, American 3-CI filed a motion to set aside the judgment, claiming that the failure to make a record of the hearing to assess damages rendered the judgment void under Journey v. Long, 585 So.2d 1268 (Miss.1991). The trial court denied American 3-CI's motion. American 3-CI then perfected this appeal, claiming as its sole issue that the trial court erred in ignoring the clear holding of Journey v. Long.
¶ 4. In Journey v. Long, plaintiffs had obtained an entry of default and a subsequent default judgment in the amount of $25,000 after the trial court conducted a hearing to inquire into the extent of the plaintiffs' alleged injuries from drinking contaminated water. Id. at 1270. The defendant attempted to attack the judgment in several different ways, including an argument that there was no record of the hearing to assess damages. Id. at 1271. The trial court denied relief and, on appeal, the defendant abandoned all issues except one, framed by the Mississippi Supreme Court as follows: "The only issue presented to this court in appellant's brief is whether the judgment may stand in the absence of record evidence supporting damages." Id.
¶ 5. It is important to note that neither Journey v. Long nor the case before us deal with the situation where an inquiry as to damages was not held. The trial court in Journey, in denying the motion to set aside the judgment, affirmatively stated that it had "independent knowledge of its own that a Writ of Inquiry was conducted...." Id. Rather, Journey v. Long and this proceeding both deal with the failure to make a record of a hearing that was, beyond dispute, actually conducted. Id. at 1272. Stating that plaintiffs "may not rely on that which is not in the record," the supreme court in Journey v. Long vacated the judgment and remanded "for further proceedings." Id.
¶ 6. Because the case now before us is indistinguishable from Journey v. Long, we conclude that we must, under the holding of that case, vacate this judgment and remand the matter to the trial court. However, in doing so, we note that the proceedings on remand are somewhat limited. The failure to make a record of the court's inquiry necessary to assess damages does not affect the previously-accomplished entry of default by the clerk under Rule 55(a). American 3-CI, in fact, makes no separate attack on the propriety of the clerk's action in that regard. This is not without consequence. Once there has been an entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Id. Therefore, our decision to set aside the default judgment because of the defective procedure used to assess damages does not reopen the question of American 3-CI's liability for Farrow's injuries. It simply means that, upon remand, a hearing for the limited purpose of assessing the plaintiff's damages must be conducted "with or without a jury, in the court's discretion." M.R.C.P. 55(b). Since American 3-CI has now appeared in *300 the case, it must be permitted "to appear at [the] hearing on the question of damages and contest the amount to be assessed against [it]." M.R.C.P. 55 cmt.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY IS VACATED AND THIS CAUSE IS REMANDED FOR A HEARING PURSUANT TO MISSISSIPPI RULE OF CIVIL PROCEDURE 55(b) TO DETERMINE THE AMOUNT OF DAMAGES DUE THE APPELLEE. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR. MOORE, J., NOT PARTICIPATING.