# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CP-01377-SCT

*LAMAR BAILEY d/b/a G&B AUTO SALES, INC.*

*v.*

*SHANNON B. BEARD*


| | |
|---|---|
| DATE OF JUDGMENT: | 5/8/2000 |
| TRIAL JUDGE: | HON. JOHN T. KITCHENS |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | JAMES G. McINTYRE |
| NATURE OF THE CASE: | CIVIL -OTHER |
| DISPOSITION: | AFFIRMED IN PART AND REVERSED AND REMANDED IN PART - 01/10/2002 |
| MOTION FOR REHEARING FILED: | 2/8/2002; denied 4/18/2002 |
| MANDATE ISSUED: | 4/25/2002 |

**EN BANC.**

### McRAE, PRESIDING JUSTICE, FOR THE COURT:

¶1. On November 23, 1999, Shannon B. Beard brought suit against Lamar Bailey d/b/a G & B Auto Sales, Inc., and received a default judgment. Bailey asserts that the default judgment against him was error because he was never served with process and notice of the lawsuit. A hearing was held before the Circuit Court of Madison County to consider Bailey's motions to set aside the default judgment and the entry of default, in which Greg McIntyre testified to the opposite of Bailey's testimony, stating that he had served Bailey with process at his place of business. Both Bailey's motions were denied, and the default judgment and total damage award of $376,000.00 against him were allowed to stand. Aggrieved, Bailey now appeals, raising the following issues: 1) whether the judgment is void because Bailey was never served with summons or a copy of the complaint; 2) whether the circuit court erred in awarding actual or punitive damages to Beard; 3) whether the circuit court erred in rendering judgment against Bailey, d/b/a/ G & B Auto Sales, Inc.; and 4) whether the circuit court abused its discretion in denying Bailey's motion for vacation of default judgment and for other relief.[(1)] The denial of Bailey's motions to set aside the default judgment and the entry of default judgment is affirmed, and this matter is reversed and remanded to the circuit court to make on-the-record findings of its damages awards.

## FACTS

¶2. In 1997, Shannon B. Beard ("Beard") purchased two vehicles from Lamar Bailey d/b/a G & B Auto Sales ("Bailey"). Beard became dissatisfied with both vehicles and refused to continue payments on them to Bailey. Bailey repossessed the vehicles from Beard and filed malicious mischief charges against her, claiming that she had vandalized the vehicles. Beard was jailed for a short time and ultimately found not guilty of the charges.

¶3. On November 23, 1999, Beard brought suit against Bailey on the counts of intentional infliction of emotional distress, fraud, and punitive damages and prayed for $250,000.00 in actual damages and $750,000.00 in punitive damages. Beard filed an application for entry of default on April 13, 2000, and an application for default judgment on May 5, 2000. A hearing was held on May 5, 2000, and the circuit judge ordered a default judgment against Bailey, which was entered on May 9, 2000. The circuit judge awarded Beard $126,000.00 in actual damages and $250,000.00 in punitive damages, for a total award of $376,000.00. On June 1, 2000, Bailey filed his pro se motion to set aside the default judgment and the entry of default, in which he stated that he was never served with notice of Beard's suit. Both motions were denied.

## DISCUSSION

### I. WHETHER THE CIRCUIT COURT ERRED IN DENYING BAILEY'S MOTION FOR VACATION OF DEFAULT JUDGMENT AND FOR OTHER RELIEF.

¶4. Essentially, Bailey presents a factual issue when he states that he was never served with process. At the motion hearing, Beard was represented by attorney James G. McIntyre, whose son, William Gregory McIntyre ("Greg"), testified that he served process on Bailey. Greg was a law student at the time of the hearing and worked in his father's law firm as a law clerk, where he performed research, filed papers, and served process.

¶5. Bailey testified that he resides at 645 South Wheatley Street in Ridgeland, Mississippi, and he stated that his business address is 649 South Wheatley, also in Ridgeland. Greg testified that when he served process on Bailey, he drove to South Wheatley Street and looked for a car dealership, but "couldn't really find one." Greg found a mailbox with "G & B" on it in front of a place that looked like a log cabin. Greg testified that he rang the doorbell, met Bailey, and served him with process. Greg handed the process to Bailey and noticed "out of the corner" of his eye that Bailey had thrown the papers to the ground. After that, Greg left.

¶6. On the other hand, Bailey asserts that he never received this service of process and that he initially learned of the lawsuit when he received a letter concerning the judgment from the circuit court on May 15, 2000. Subsequently, Bailey came to the courthouse on May 16 and received a copy of the complaint against him. Bailey testified that he was probably at his place of business on November 24, the date of service as shown on the proof of service, and that he had been served with process before. Bailey's summons was filed with the court on November 29, 1999, along with the notarized copy of the proof of service signed by Greg.

¶7. Bailey raises concerns with the proof of service because it reflects that Bailey was served in Rankin County, when in fact his residence and place of business are in Ridgeland, Mississippi, in Madison County. When questioned about this by the court, Greg testified that he had many papers to serve and that he probably had just made a mistake. Greg stated that he did in fact serve Bailey in Madison County.

¶8. In *Willenbrock v. Brown*, 239 So. 2d 922, 924 (Miss. 1970), we stated that an officer's return of process is presumed to be true. In addition, Rule 4(f) of the Mississippi Rules of Civil Procedure also states, "(f) **Return**. The person serving the process shall make proof of service thereof to the court promptly. If service is made by a person other than a sheriff, such person shall make affidavit thereof." M.R.C.P. 4(f).

¶9. It appears that the court accepted that Greg served Bailey personally with service at his place of business. Greg subsequently filed the proof of service with the circuit court, such document being signed by Greg and notarized. The summons contains Bailey's correct business address, as he testified to during the hearing. The circuit judge held a hearing and heard both sides of the story as presented through testimony from Bailey and from Greg. It does not appear that the circuit judge abused his discretion. The circuit court did not abuse its discretion and, therefore, is affirmed as to this issue.

### II. WHETHER THE CIRCUIT COURT ERRED BY AWARDING ACTUAL AND PUNITIVE DAMAGES AGAINST BAILEY.

¶10. This issue appears to be the deciding factor in this case, yet Beard does not discuss her damages award in her brief. Following Beard's testimony at the motion hearing, the record reflects that a bench conference was held and that subsequently, the court ruled and awarded Beard damages in the amount of $26,495 in actual damages, $50,000 for infliction of emotional distress, $100,000 on the fraud count, and $250,000 in punitive damages. However, these amounts were somewhat altered in the court's final order of default judgment, where the circuit judge awarded Beard $126,000 in actual damages and $250,000 in punitive damages.

¶11. Other than the testimony Beard provided at the default judgment proceedings, the record does not reflect the method in which the circuit judge determined these damages. After Bailey's motions to set aside the default judgment and entry of default were denied, he filed his pro se motion for reconsideration of damages, which the court subsequently denied.

¶12. In *American 3-CI v. Farrow*, 749 So. 2d 298 (Miss. Ct. App. 1999), the appellant, on motion for rehearing, appealed from the trial court's decision to deny its motion to set aside a default judgment. In that case, the trial court held a hearing to determine the amount of damages Farrow should receive, but no record was made of the hearing. Citing *Journey v. Long*, 585 So. 2d 1268 (Miss. 1991), the Court of Appeals vacated the judgment and remanded the case to the trial court. *American 3-CI*, 749 So. 2d at 299. The court noted that the remand was limited, in that it did not disturb the "previously-accomplished entry of default by the clerk under Rule 55(a)." The court further noted that its decision to remand did not reopen the question of American 3-CI's liability, but only the question of the amount of its damages.

¶13. Beard stated during the proceedings that she had purchased a 1995 Jeep Grand Cherokee from Bailey for $4,000 down and payments of $580 a month for sixteen months. Beard also purchased a 1995 Chevrolet C-1500 extended cab truck from Bailey for $4,000 down and $460 a month for nine months.[2] She further stated that she had paid her attorneys a total of $3,000 to handle her malicious mischief charges, and she paid $50 in bail to get out of jail. Bailey alleges in his brief that he brought the charges against Beard because she had vandalized the vehicles, but he did not testify to this under oath because he was not present at the hearing. Beard testified that the charge was because she had removed her custom tires from the truck and that Bailey sued her for removing these items.

¶14. Beard also testified that Bailey had not attempted to correct any of her complaints about the vehicles. She stated that Bailey did not have title to either of the vehicles when he sold them to her and that both titles were held by banks. Beard paid a total of $26,495 out of her own funds to pay for damages to both vehicles, and she was without any transportation for approximately a year and a half.

¶15. Although the circuit judge may have had a method for determining the amount of damages in this case, no such method is reflected in the record. The judge merely concluded that "actual damages" in the amount of $26,495 were to be awarded. More problematic are the awards for intentional infliction of emotional distress and fraud. The judge summarily announced that for "provable damages," he was awarding $50,000 for intentional infliction of emotional distress, and finding Bailey committed fraud, he awarded $100,000.

¶16. Further, the circuit judge merely announced an award of $250,000 in punitive damages for the arrest related to the malicious mischief charges, without explaining how this figure was calculated. This Court has no way of knowing whether the circuit court followed any of Miss. Code Ann. § 11-1-65 (Supp. 2001) factors for punitive damages or how the circuit court arrived at this award. Consequently, this matter is reversed and remanded to the circuit court on the issue of damages and to direct the court to conduct a proper damages hearing and to allow the record to reflect how these damages are calculated.

### III. WHETHER THE CIRCUIT COURT ERRED IN RENDERING JUDGMENT AGAINST BAILEY d/b/a G & B AUTO SALES, INC.

¶17. Bailey also asserts that the circuit court erred in entering the default judgment against him in an individual capacity, where it should have entered judgment, if at all, against G & B Auto Sales, Inc. Bailey points out that the summons is made out for him in the individual capacity, while the complaint showed Bailey acting in a corporate capacity. However, the default judgment entered by the circuit court lists the defendant as "Lamar Bailey, D/B/A G & B Auto Sales, Inc."

¶18. There is nothing in the record to indicate that someone other than Bailey was doing business as G & B Auto Sales or that someone else was the corporation's registered agent of process. Considering this, and the fact that the default judgment appears to be entered against Bailey acting in a corporate capacity, this assignment of error fails, and the circuit court is affirmed.

### CONCLUSION

¶19. The denial of Bailey's motions to set aside the default judgment and entry of default

is affirmed and this matter is reversed and remanded to the circuit court for an on-the-record determination of the damages awarded in this case.

¶20. **AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.**

**PITTMAN, C.J., DIAZ, EASLEY AND GRAVES, JJ., CONCUR. WALLER, J., CONCURS IN PART. SMITH, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, COBB AND CARLSON, JJ.**

**SMITH, PRESIDING JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶21. I agree with the majority's conclusion that the circuit court's entry of default judgment against Bailey should be affirmed. However, I disagree with the conclusion that the circuit court's award of damages should be reversed and the matter remanded for reconsideration of damages. Because I would affirm the circuit court on both issues, I respectfully dissent.

¶22. In reversing the damages award, the majority relies on *Journey v. Long*, 585 So. 2d 1268 (Miss. 1991), and *American C-3I v. Farrow*, 749 So. 2d 298 (Miss. Ct. App. 1999). These cases are distinguishable from the case sub judice. Both *Journey* and *Farrow* involved situations in which a hearing on damages was held, but of which no record was made. In the case at hand, the circuit court made an on-the-record determination of damages following the damages hearing, the testimony from which is recorded and available for review by this Court. As such, there is no reason to remand the damages issue for reconsideration.

¶23. At the damages hearing, the circuit court awarded compensatory damages to Beard in the following amounts: $26,495 in actual damages, representing Beard's out-of-pocket expenses; $50,000 on the claim for intentional infliction of emotional distress; $100,000 on the claim for fraud. Beard presented evidence at the hearing in support of each of these claims. The total damages awarded by the circuit court's final order, had these amounts been tallied, would have been $176,495.

¶24. The difficulty arises from the circuit court's final order of default judgment, in which the circuit court awarded only $126,000 in actual damages. The majority finds that the actual damages award is inaccurate because when Beard's actual damages are added together ($26,495 for out-of-pocket expenses, $50 for bail, and $3000 for attorney's fees), the total does not equal $126,000. The majority fails to account for the $50,000 awarded for intentional infliction of emotional distress and the $100,000 awarded on the fraud count.

¶25. In my view, the confusion arises out of the wording employed by the circuit court's final order. The order divides Beard's damages into two categories: actual damages and punitive damages. Actual damages as contemplated in the final order are not the same as what the court referred to as "actual" damages at the conclusion of the hearing. It is clear from the record of the hearing that the $26,495 in "actual" damages was awarded for Beard's out-of-pocket expenses. At the hearing, Beard testified that her out-of-pocket expenses totaled $26,495. However, Beard was also awarded $50,000 on the emotional distress claim and $100,000 on the fraud claim. These are also properly termed "actual damages" as actual damages are synonymous with compensatory damages. Black's Law Dictionary 394 (7th ed. 1999). Thus, the sum awarded in the circuit court's final order for "actual" damages does not merely represent Beard's out-of-pocket expenses, but rather properly includes all of her compensatory damages.

¶26. The calculation performed by the majority takes into account only Beard's out-of-pocket expenses, not her total compensatory damages. This sum exceeds the final amount awarded by the circuit court for actual damages. It does not, as the majority finds, fall short of the amount awarded. Thus, any error in the trial court's calculation was harmless as to Bailey. Perhaps Bailey should be counting his "blessings" rather than complaining of the ultimate award. Beard, the only party with cause to complain about the discrepancy, has not appealed to this Court.

¶27. The majority also cites the failure of the circuit court to delineate the factors for punitive damages set forth in Miss. Code Ann. § 11-1-65 (Supp. 2001). In my view, the factual allegations in Beard's complaint, taken as true upon entry of a default judgment, and the evidence presented at the damages hearing clearly

support the punitive damages awarded by the circuit court. *See **Journey***, 585 So. 2d at 1272 (stating that by default, a defendant admits all factual allegations of the complaint, except those relating to the amount of damages). In her complaint, Beard alleged that Bailey knowingly misrepresented the mileage on the Jeep Grand Cherokee and that Bailey knowingly misrepresented the pickup truck as a used vehicle, with no prior damage, as opposed to a salvaged vehicle. Beard presented evidence at the hearing that the odometer had been set back on the Jeep Grand Cherokee and that it had 89,000 miles on it instead of 49,000 miles, as represented by Bailey. Beard also presented evidence that Bailey told her the pickup truck had an original title, but that in reality, the truck had a salvage title on it. Furthermore, the evidence indicated that Bailey never had title to the vehicles he sold to Beard and that Beard was subsequently unable to obtain tags for the vehicles because she never received title to the vehicles.

¶28. Beard testified that because she was unable to get tags for the vehicles, she stopped making payments on the vehicles. When she stopped making payments on the vehicles, Bailey repossessed the vehicles and had Beard arrested for malicious mischief. Bailey alleged in her complaint that Beard maliciously instituted the charges against her. These allegations, taken as true, are egregious in nature and fully support the trial court's imposition of punitive damages.

¶29. Bailey makes no argument that the circuit court's award of punitive damages was excessive. Rather, he argues that the court acted arbitrarily by awarding punitive damages without giving him an opportunity to introduce evidence "to guide the court" in its determination. Bailey argues that he should have been permitted to introduce evidence to disprove the conduct alleged by Beard's complaint in order to refute the request for punitive damages.

¶30. Fatal to Bailey's argument is the fact that there is simply no prohibition on a court's awarding punitive damages in a default action. Where a default judgment is entered, the defendant is necessarily absent. To hold that Bailey should have been permitted to "guide the court" in its determination of punitive damages is an effectual prohibition against a trial court's awarding punitive damages in a default action.

¶31. After a determination of liability, the only question remaining is the amount of damages incurred. *Journey*, 585 So. 2d at 1272. The circuit court has already conducted an on-the-record hearing and determination of Beard's damages - both compensatory and punitive. Therefore, there is no need to remand this case for the same. I would affirm the judgment of the circuit court in its entirety.

  **WALLER, COBB AND CARLSON, JJ., JOIN THIS OPINION.**

1. Bailey's last issue is incorporated throughout the opinion, as it reflects the proper standard of review for this matter.

2. Both vehicles were repossessed by Bailey prior to Beard completing either of these payment plans.