¶ 21. I agree with the majority's conclusion that the circuit court's entry of default judgment against Bailey should be affirmed. However, I disagree with the conclusion that the circuit court's award of damages should be reversed and the matter remanded for reconsideration of damages. Because I would affirm the circuit court on both issues, I respectfully dissent.
 ¶ 22. In reversing the damages award, the majority relies onJourney v. Long, 585 So.2d 1268 (Miss. 1991), and American C-3I v.Farrow, 749 So.2d 298 (Miss.Ct.App. 1999). These cases are distinguishable from the case sub judice. Both Journey and Farrow
involved situations in which a hearing on damages was held, but of which no record was made. In the case at hand, the circuit court made an on-the-record determination of damages following the damages hearing, the testimony from which is recorded and available for review by this Court. As such, there is no reason to remand the damages issue for reconsideration.
 ¶ 23. At the damages hearing, the circuit court awarded compensatory damages to Beard in the following amounts: $26,495 in actual damages, representing Beard's out-of-pocket expenses; $50,000 on the claim for intentional infliction of emotional distress; $100,000 on the claim for fraud. Beard presented evidence at the hearing in support of each of these claims. The total damages awarded by the circuit court's final order, had these amounts been tallied, would have been $176,495.
 ¶ 24. The difficulty arises from the circuit court's final order of default judgment, *Page 687 
in which the circuit court awarded only $126,000 in actual damages. The majority finds that the actual damages award is inaccurate because when Beard's actual damages are added together ($26,495 for out-of-pocket expenses, $50 for bail, and $3000 for attorney's fees), the total does not equal $126,000. The majority fails to account for the $50,000 awarded for intentional infliction of emotional distress and the $100,000 awarded on the fraud count.
 ¶ 25. In my view, the confusion arises out of the wording employed by the circuit court's final order. The order divides Beard's damages into two categories: actual damages and punitive damages. Actual damages as contemplated in the final order are not the same as what the court referred to as "actual" damages at the conclusion of the hearing. It is clear from the record of the hearing that the $26,495 in "actual" damages was awarded for Beard's out-of-pocket expenses. At the hearing, Beard testified that her out-of-pocket expenses totaled $26,495. However, Beard was also awarded $50,000 on the emotional distress claim and $100,000 on the fraud claim. These are also properly termed "actual damages" as actual damages are synonymous with compensatory damages. Black's LawDictionary 394 (7th ed. 1999). Thus, the sum awarded in the circuit court's final order for "actual" damages does not merely represent Beard's out-of-pocket expenses, but rather properly includes all of her compensatory damages.
 ¶ 26. The calculation performed by the majority takes into account only Beard's out-of-pocket expenses, not her total compensatory damages. This sum exceeds the final amount awarded by the circuit court for actual damages. It does not, as the majority finds, fall short of the amount awarded. Thus, any error in the trial court's calculation was harmless as to Bailey. Perhaps Bailey should be counting his "blessings" rather than complaining of the ultimate award. Beard, the only party with cause to complain about the discrepancy, has not appealed to this Court.
 ¶ 27. The majority also cites the failure of the circuit court to delineate the factors for punitive damages set forth in Miss. Code Ann. § 11-1-65 (Supp. 2001). In my view, the factual allegations in Beard's complaint, taken as true upon entry of a default judgment, and the evidence presented at the damages hearing clearly support the punitive damages awarded by the circuit court. See Journey,585 So.2d at 1272 (stating that by default, a defendant admits all factual allegations of the complaint, except those relating to the amount of damages). In her complaint, Beard alleged that Bailey knowingly misrepresented the mileage on the Jeep Grand Cherokee and that Bailey knowingly misrepresented the pickup truck as a used vehicle, with no prior damage, as opposed to a salvaged vehicle. Beard presented evidence at the hearing that the odometer had been set back on the Jeep Grand Cherokee and that it had 89,000 miles on it instead of 49,000 miles, as represented by Bailey. Beard also presented evidence that Bailey told her the pickup truck had an original title, but that in reality, the truck had a salvage title on it. Furthermore, the evidence indicated that Bailey never had title to the vehicles he sold to Beard and that Beard was subsequently unable to obtain tags for the vehicles because she never received title to the vehicles.
 ¶ 28. Beard testified that because she was unable to get tags for the vehicles, she stopped making payments on the vehicles. When she stopped making payments on the vehicles, Bailey repossessed the vehicles and had Beard arrested for malicious mischief. Bailey alleged in her complaint *Page 688 
that Beard maliciously instituted the charges against her. These allegations, taken as true, are egregious in nature and fully support the trial court's imposition of punitive damages.
 ¶ 29. Bailey makes no argument that the circuit court's award of punitive damages was excessive. Rather, he argues that the court acted arbitrarily by awarding punitive damages without giving him an opportunity to introduce evidence "to guide the court" in its determination. Bailey argues that he should have been permitted to introduce evidence to disprove the conduct alleged by Beard's complaint in order to refute the request for punitive damages.
 ¶ 30. Fatal to Bailey's argument is the fact that there is simply no prohibition on a court's awarding punitive damages in a default action. Where a default judgment is entered, the defendant is necessarily absent. To hold that Bailey should have been permitted to "guide the court" in its determination of punitive damages is an effectual prohibition against a trial court's awarding punitive damages in a default action.
 ¶ 31. After a determination of liability, the only question remaining is the amount of damages incurred. Journey, 585 So.2d at 1272. The circuit court has already conducted an on-the-record hearing and determination of Beard's damages — both compensatory and punitive. Therefore, there is no need to remand this case for the same. I would affirm the judgment of the circuit court in its entirety.
WALLER, COBB AND CARLSON, JJ., JOIN THIS OPINION.