628 So.2d 1361 (1993)
Kay Hollingshead Donald HOLMES
v.
Fred M. HOLMES.
No. 92-CA-0493.
Supreme Court of Mississippi.
December 9, 1993.
Leonard B. Melvin, Billie J. Graham, Melvin & Melvin, Laurel, for appellant.
Franklin C. McKenzie, Jr., Laurel, for appellee.
Before DAN M. LEE, P.J., and PITTMAN and JAMES L. ROBERTS, Jr., JJ.
DAN M. LEE, Presiding Justice, for the Court:

I.
This is an appeal from the Chancery Court of Jones County, Second Judicial District, wherein Fred M. Holmes ("Mr. Holmes") filed a complaint seeking a divorce from his wife, Kay Hollingshead Donald Holmes ("Mrs. Holmes"). Thirty-one days after he filed for divorce, Mr. Holmes was granted a divorce from his wife on the ground of habitual cruel and inhuman treatment. The chancellor entered judgment in favor of Mr. Holmes due to Mrs. Holmes' failure to answer the complaint within thirty days. However, *1362 counsel for Mrs. Holmes did in fact contact counsel for Mr. Holmes within thirty days, advising counsel for Mrs. Holmes of his representation of Mrs. Holmes and of his wish to settle the case if possible. Upon the entry of judgment in favor of Mr. Holmes, Mrs. Holmes moved to set aside the judgment pursuant to M.R.C.P. 55(b). Said motion was overruled. Feeling aggrieved, Mrs. Holmes appeals to this Court, assigning as error the chancellor's refusal to set aside the judgment pursuant to M.R.C.P. 55(b).[1] We reverse.

II.
Mr. and Mrs. Holmes were married on March 31, 1984. Prior to this marriage, the parties entered into an ante-nuptial agreement by which the parties agreed on a division of property in the event the marriage came to an end. Some eight years later, on January 8, 1992, Mr. Holmes filed a complaint for divorce in the Chancery Court of Jones County, Second Judicial District. Mrs. Holmes was served with process on January 9, 1992. Mrs. Holmes contacted an attorney and on January 20, 1992, her attorney wrote to Mr. Holmes' attorney informing him of his representation. In this letter, counsel for Mrs. Holmes stated:
This letter is to advise you that this firm represents Mrs. Kay Holmes, who is the Defendant in a cause of action filed in the Chancery Court of the Second Judicial District of Jones County, Mississippi. Service was obtained on Mrs. Holmes on January 9, 1992.
If there is any chance of you and I reaching a settlement in behalf of these parties before we go to the expense of depositions and other pleadings, I would appreciate it greatly if you would let me hear from you within this next week.
Mr. Holmes' attorney, by letter dated January 23, 1992, responded to this inquiry. In his reply letter, counsel for Mr. Holmes stated:
I will be happy to pass along to my client any settlement proposal you wish to offer. However, based upon my conversation with my client, I doubt that he would be receptive to any monetary settlement.
On February 10, 1992, Mrs. Holmes' attorney wrote counsel for Mr. Holmes with an offer of settlement. In this letter, he stated:
I have been asked to make this offer to you in behalf of Kay Holmes.
Ms. Holmes is willing to accept $20,000.00 in cash, health insurance, car insurance and car tag, a new Cadillac vehicle, and a Dixie Golf membership and monthly dues.
If Mr. Holmes is desirous of trying to work something out with reference to this situation, I will be happy to sit down and discuss this matter with you at your convenience.
However, on February 11, 1992, before receiving this offer of settlement, counsel for Mr. Holmes appeared before the chancellor, presented evidence supporting the allegations of the complaint for divorce, and obtained a divorce on the ground of habitual cruel and inhuman treatment. Mrs. Holmes was given no notice of this hearing and, as a result, filed a motion to set aside the judgment of divorce on February 13, 1992, pursuant to M.R.C.P. 55(b). The chancellor conducted a hearing on Mrs. Holmes' motion on March 18, 1992. At the close of this hearing, the chancellor entered an order denying the motion. This appeal followed.

III.
Mrs. Holmes contends that "because settlement negotiations were ongoing in this matter and Appellee's attorney knew Mrs. Holmes was represented, and by whom, he was obligated to notify Mrs. Holmes' attorney of his intention to proceed with the divorce hearing." Thus, Mrs. Holmes argues that in light of the provisions of M.R.C.P. Rule 55(b) that the chancellor erred in failing to set aside the judgment of divorce.
*1363 Mr. Holmes counters by arguing that as Mrs. Holmes never entered an appearance, she was not entitled to three-day notice as required by M.R.C.P. 55(b). In addition, Mr. Holmes contends that the three-day notice requirement set forth in Rule 55(b) is not even applicable in divorce actions as Rule 55 is supplanted by the statutory procedures set forth in Miss. Code Ann. § 93-5-1 et seq. (1972).

IV.
In Rawson v. Buta, 609 So.2d 426, 430 (Miss. 1992), we recognized that the Mississippi Rules of Civil Procedure have limited applicability to actions for divorce and alimony. See also Mayoza v. Mayoza, 526 So.2d 547, 548 (Miss. 1988); Clark v. Whiten, 508 So.2d 1105, 1107 (Miss. 1987). These actions are governed by the provisions of Miss. Code Ann. § 93-5-1 et seq. (1972). However, to the extent that the applicable statutes stand silent, the Rules of Civil Procedure govern. Rawson, 609 So.2d at 430. As § 93-5-1 et seq. provides no guidance in the area of notice, we therefore conclude that the notice requirement of Rule 55(b) is applicable.
Rule 55(b) of the Mississippi Rules of Civil Procedure provides, in pertinent part:
(b) Judgment. In all cases the party entitled to a judgment by default shall apply to the Court therefor. If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three days prior to the hearing of such application ...
Rule 55(b) requires written notice to the party against whom a judgment is sought. However, in order for the non-movant to be entitled to notice, the non-movant must have entered an appearance in the action. We must therefore determine whether Mrs. Holmes entered an appearance so as to merit said notice. Of relevance is our decision in Journey v. Long, 585 So.2d 1268 (Miss. 1991). In Journey, the plaintiffs filed suit seeking to recover damages arising from the defendants' alleged negligent maintenance of a water system. The plaintiffs' complaint requested actual and punitive damages. However, no answer was filed and an application for entry of default, with the supporting affidavit of the plaintiffs' attorney, was filed. Notice of the application for entry of default was served on the attorney for the defendants but no response was filed. Thereafter default was entered against the defendants and a judgment was returned in favor of the plaintiffs.
The defendants filed a motion to set aside the default judgment and at a hearing of this motion, the defendant and the defendants' attorney testified an answer was filed and was slipped under the door of the circuit clerk's office after working hours. The defendant further testified that she had engaged in negotiations with the plaintiffs before the suit was filed. Although we reversed on other grounds, we stated, albeit via dicta, that the actions of the defendants constituted an appearance for purposes of Rule 55(b) notice, stating:
Because it was not raised, we do not reach the question whether defendants made an "appearance" sufficient to be entitled to notice of any hearing on application for default judgment. No cases in Mississippi have addressed this issue. Thus, we would analyze decisions from courts of the United States construing and interpreting Rule 55(b) of the Federal Rules of Civil Procedure which contains provisions essentially identical with our state rules. Bryant, Inc. v. Walters, 493 So.2d 933, 935-36 (Miss. 1986).
Traditionally, for an action to constitute an appearance, one had to file documents in or actually physically appear before a court. Trust Co. Bank v. Tingen-Millford Drapery Co., 119 F.R.D. 21, 22 (E.D.N.C. 1987). Today, however, those requirements have been relaxed considerably for Rule 55 purposes. "Courts now look beyond the presence or absence of such formal actions... ." Lutomski v. Panther Valley Coin Exchange, 653 F.2d 270, 271 (6th Cir. 1981). The appearance commanded *1364 by Rule 55(b) has been defined broadly and interpreted liberally and is not limited to formal court appearance. Heleasco Seventeen, Inc. v. Drake, 102 F.R.D. 909, 912 (D.Del. 1984) quoting H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689 (D.C. Cir.1970). Indeed, several cases have held that informal contacts between parties may constitute an appearance. See, e.g. H.F. Livermore Corp., 432 F.2d 689 (D.C. Cir. 1970) (defendant found to appear in action where the court was informed that during the settlement negotiations, letters, in which the defendant made clear its intention to defend suit, were exchanged between the attorneys for the parties); Hutton v. Fischer, 359 F.2d 913 (3rd Cir.1966) (court found that telephone call from defendant's counsel for more time, sufficient to meet the appearance standard of Rule 55(b)(2)); United States v. One 1966 Chevrolet Pickup Truck, 56 F.R.D. 459 (E.D.Tex. 1972) (court held that the defense attorney's filing with the I.R.S. of a claim to the property forfeited and a court bond to transfer jurisdiction was sufficient notice of claimant's clear purpose to defend and sufficient to constitute an appearance); Heleasco Seventeen, Inc., 102 F.R.D. 909 (D.Del. 1984) (defendants made appearance where their attorney initiated telephone conversations with plaintiff's attorney and defendants' attorney conveyed to plaintiff's attorney problems defendants were having due to the complexity of the case); Trust Co. Bank, 119 F.R.D. 21 (E.D.N.C.) (telephone conversation between defendant's attorney and plaintiff's attorney inquiring as to date on which answer had been filed constituted an appearance by implication).
It is clear that defendants have now made an appearance by any standard and they are therefore entitled to notice and to be heard on any motion to assess damages on remand.
Journey, 585 So.2d at 1272-1273, n. 5; see also DynaSteel v. Aztec Industries, 611 So.2d 977, 981 (Miss. 1992) ("the appearance commanded by Rule 55(b) has been defined liberally and is not limited to formal court appearances").
Mrs. Holmes' attorney attached to the Motion to Set Aside Judgment all correspondence between the parties in addition to his own affidavit that he had never received any notice whatsoever of the divorce hearing scheduled on February 11, 1992. This correspondence, detailed above, clearly demonstrated that Mrs. Holmes had entered an appearance in the suit. The plain language of the letter indicated Mrs. Holmes' desire to reach a settlement; equally as clear was Mrs. Holmes' intent to defend the suit in the event a settlement was not reached. The official comments to Rule 55(b) provide:
The purpose of this portion of Rule 55(b) is simple: It is intended to protect those parties who, although delaying in a formal sense by failing to file pleadings within the thirty day period, have otherwise indicated to the moving party a clear purpose to defend the suit. On the other hand, when a defaulting party has failed to appear, thereby manifesting no intention to defend, he is not entitled to notice of the application for a default judgment.
See also DynaSteel v. Aztec Industries, 611 So.2d 977, 981 (Miss. 1992) ("the focus of the inquiry is on whether the non-movant has manifested to the movant a clear intent to defend the suit").
In the case at bar, Mrs. Holmes promptly contacted an attorney. Her attorney wrote her husband's attorney and informed him that Mrs. Holmes was represented by counsel and that she wished to settle the case if possible; however, he made clear Mrs. Holmes' intent to defend the suit should no settlement be reached. With knowledge of this letter, Mr. Holmes' attorney nevertheless proceeded to secure a divorce by default against Mrs. Holmes. In this regard, his conduct suggests gamesmanship. In the Comment to M.R.C.P. 1, it is stated that "properly utilized, the rules will tend to discourage battles over mere form and to sweep away needless procedural controversies that either delay a trial on the merits or deny a *1365 party his day in court because of technical deficiencies." Conversely, improper utilization of the rules invariably results in the type of gamesmanship and ambush techniques, employed in the case at bar, that the rules were designed to abolish. We refuse to condone such behavior and therefore reverse the judgment of the chancellor and remand for proceedings consistent with the opinion rendered in this cause.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THE OPINION RENDERED IN THIS CAUSE.
HAWKINS, C.J., PRATHER, P.J., BANKS and SMITH, JJ., concur.
PITTMAN, J., concurs with separate written opinion joined by HAWKINS, C.J., SULLIVAN and JAMES L. ROBERTS, Jr., JJ.
McRAE, J., dissents with separate written opinion.
PITTMAN, Justice, concurring:
While I agree with the majority that this case should be reversed, I do not agree that M.R.C.P. 55(b) should be the means by which the Court should reach the result. On January 8, 1992, Fred M. Holmes filed his complaint for divorce. After the complaint was filed there was some correspondence in the form of letters between Fred's attorney and Kay's attorney. While I do not think that the question is properly before this Court, I agree with the majority, that based upon the correspondence, there was an "appearance" for M.R.C.P. 55(b) purposes that would require a three (3) day notice before a default judgment could be entered. However, nothing in the record indicated that any actions were taken to bring this case under M.R.C.P. 55 dealing with default judgments.
A brief review of the pertinent facts is in order. On January 8, 1992, Fred M. Holmes (Fred) filed his complaint for divorce. In this complaint Fred claimed that he was entitled to a divorce from his wife, Kay Hollingsworth Donald Holmes (Kay), on the grounds of cruel and inhuman treatment or in the alternative, on the grounds of irreconcilable differences. Attached to his complaint for divorce was an antenuptial contract. Kay was served with process on January 9, 1992. There was some correspondence between the parties' attorneys but no formal answer was filed with the court.
On February 11, 1992, without contacting Kay's attorney, Fred's attorney filed an affidavit with the Chancery Court. In the affidavit Fred's attorney stated that more than thirty (30) days had elapsed since Kay was served with process and that he had not received an Answer to the Complaint for Divorce. The record revealed that the affidavit was filed at 9:00 A.M. On the same day the affidavit was filed, the Chancellor issued a Final Decree of Divorce that was filed at 11:00 A.M. In the Final Decree the Chancellor recited the fact that Kay Holmes was served with process on January 9, 1992, and that more than thirty (30) days had elapsed since she was served with process and that she did not file an answer to the Complaint for Divorce. The Chancellor granted Fred Holmes a divorce absolute of and from Kay Holmes on the ground of habitual cruel and inhuman treatment. The Chancellor also honored the antenuptial contract.
On February 13, 1992, Kay filed a Motion To Set Aside The Divorce Decree and an Answer to the divorce complaint. The Chancellor overruled the motion on March 18, 1992.
Miss. Code Ann. Section 93-5-7 states the following:
The proceedings to obtain a divorce shall be by complaint in the chancery, and shall be conducted as other suits in chancery, except that (1) the defendant shall not be required to answer on oath; (2) no judgment by default may be granted but a divorce may be granted on the ground of irreconcilable differences; ...
The statute makes it clear that the defendant to a divorce proceeding is not required to file an answer. See Rawson v. Buta, 609 So.2d *1366 426 (Miss. 1992) (applied statute). The statute also clearly states that there shall be no judgments by default.
M.R.C.P. 55 discusses the procedure for obtaining a default judgment. M.R.C.P. 55(a) states:
When a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.
The comment to M.R.C.P. 55 states "Prior to obtaining a default judgment, Rule 55(b), there must be an entry of default as provided by Rule 55(a)." There was no entry of default made in this case. Although it appears that the judgment entered by the judge was a default judgment, technically it cannot be a default judgment. Fred's attorney stated in a response to Kay's motion to set aside the divorce that the judgment was not a default judgment. Therefore, M.R.C.P. 55 should not be the basis on which this Court reverses the chancellor and this Court should not reverse on failure to give three (3) day notice of the hearing under Rule 55(b). If sufficient evidence were present in the record to support a finding that a default judgment was sought by Fred Holmes and a default judgment was entered by the trial court (which would bring this case under Rule 55), then the court should reverse because Miss. Code Ann. § 93-5-7(2) states that there shall be no judgment by default.
It appears that the chancellor granted Fred the divorce on the ground of cruel and inhuman treatment because Kay failed to answer the complaint within 30 days. In the Final Decree of Divorce the court stated:
... finding that the complaint was duly executed; that Kay Hollingshead Donald Holmes has been personally served with process on January 9, 1992; that more than thirty (30) days have elapsed since the Defendant was served with process of this court; that the Defendant has not filed an answer to the Complaint for Divorce; and is of the opinion that the plaintiff is entitled to the relief requested.
The Chancellor went on to grant the divorce on grounds of cruel and inhuman treatment. The chancellor erred because the defendant is not required to file an answer in a divorce proceeding. Notwithstanding that fact, the chancellor also erred because there is no proof or evidence in the record to support the granting of a divorce on the ground of cruel and inhuman treatment. The only thing that appears in the record is the affidavit filed by Fred's attorney. This does not come close to the proof required in order to grant a divorce on the grounds of cruel and inhuman treatment. As stated earlier, Fred's attorney argued in his response to Kay's Motion To Set Aside The Divorce that the judgment entered by the court in this matter was not a judgment by default, but was based upon a trial on the merits and on evidence heard by the court in support of the complaint for divorce. If this was the case, it was not reflected in the record. Indeed, the official court reporter in the record stated, "I have no record of the above styled and numbered cause." There is no notice that a hearing was to be held, there is no record whether or not a hearing was held, and there is no proof in the record to support a divorce on the ground of cruel and inhuman treatment. Based on the aforementioned reasons, I would reverse and remand in order for the case to be tried on the merits.
HAWKINS, C.J., and SULLIVAN and JAMES L. ROBERTS, Jr., JJ., join this opinion.
McRAE, Justice, dissenting:
Because each lawsuit is a serious matter between the parties involved, I dissent. Whether the litigation is simple or complex, a well-established set of rules must be followed from the day the first pleading is filed. Each attorney practicing in this state is charged with the responsibility of knowing those rules and following them. If an attorney fails to follow those rules, his client may suffer.
In the case sub judice, suit was filed against Mrs. Holmes. Under the rules, she was required to respond or enter an appearance within thirty days, but failed to do so. *1367 Without further ado, a default judgment was taken, and rightly so. Mrs. Holmes' motion to set aside the default judgment pursuant to M.R.C.P. 55(b) was then denied by the chancellor.
We are directed to not disturb the rulings of the trial court on a default judgment absent an abuse of discretion. Guaranty National Insurance Co. v. Pittman, 501 So.2d 377, 388 (1987). In determining whether there has been an abuse of discretion, we consider "whether the defendant has a good cause for default ... whether the defendant in fact has a colorable defense to the merits of the claim, and ... the nature and extent of prejudice which may be suffered by the plaintiff if the default is set aside." Johnson v. Weston Lumber & Building Supply, Co., 566 So.2d 466, 467 (Miss. 1990); King v. King, 556 So.2d 716 (Miss. 1990).
Rule 55(b), enacted in 1982, provides as follows:
In all cases the party entitled to a judgment by default shall apply to the court therefor. If the party against whom the judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three days prior to the hearing of such application; however, judgment by default may be entered by the court on the day the case is set for trial without such three days' notice.
In this case, Mrs. Holmes' attorney failed to make an appearance and the chancellor did not abuse his discretion in so finding. A closer look at DynaSteel v. Aztec Industries, 611 So.2d 977 (Miss. 1992) and Journey v. Long, 585 So.2d 1268 (Miss. 1991), relied on by the majority, clearly illustrate that the chancellor was correct. In DynaSteel, we stated:
Traditionally, to make an appearance one had to file documents in or actually appear before a court. Journey v. Long, 585 So.2d 1268, 1272 n. 5 (Miss. 1991); Trust Co. Bank v. Tingen-Millford Drapery Co., 119 F.R.D. 21, 22 (E.D.N.C. 1987). Today, however, the appearance commanded by Rule 55(b) has been defined broadly and interpreted liberally and is not limited to formal court appearances. Journey, 585 So.2d at 1272 n. 5; Heleasco Seventeen, Inc. v. Drake, 102 F.R.D. 909, 912 (D.Del. 1984) (quoting H.F. Livermore Corp. v. Aktiengesellschaft, 432 F.2d 689 (D.C. Cir.1970)). The focus of the inquiry is on whether the non-movant has manifested to the movant a clear intent to defend the suit. Journey, 585 So.2d at 1272 n. 5.
611 So.2d at 981 (emphasis in original).
The official comments to Rule 55(b) provide:
The purpose of this portion of Rule 55(b) is simple: It is intended to protect those parties who, although delaying in a formal sense by failing to file pleadings within the thirty day period, have otherwise indicated to the moving party a clear purpose to defend the suit. On the other hand, when a defaulting party has failed to appear, thereby manifesting no intention to defend, he is not entitled to notice of the application for a default judgment.

(emphasis added).
Indeed, "the appearance commanded by Rule 55(b) has been defined liberally and is not limited to formal court appearances." DynaSteel, 611 So.2d at 981. However, in finding that Mrs. Holmes' attorney's January 20, 1992, letter which expressed an interest in settling the case qualified as an appearance, the majority stretches even the most liberal construction of Rule 55(b). The fact remains that Mr. Holmes' attorney responded on January 23, 1992, stating his client's lack of interest in a settlement. Mrs. Holmes' attorney took no further action until the day after a responsive pleading was due. Yet, a simple motion for time would have demonstrated the requisite intent to defend the suit as required by Rule 55(b) to qualify as an appearance.
The majority's reliance on Journey is further misplaced. The issue of whether the *1368 defendants in that case had made an "appearance" sufficient to entitle them to notice of a hearing on the default judgment was not even raised by the parties on appeal, and thus, was not even properly before this Court. Journey, 585 So.2d at 1272. The Journey majority stated in a footnote:
Because it was not raised, we do not reach the question whether defendants made an "appearance" sufficient to be entitled to notice of any hearing on application for default judgment.
Id. at 1272, fn. 5.
Research on the issue of what qualifies as an appearance was relegated to a footnote, and the conclusion therein that the Journey's attorney made an appearance can hardly be considered a holding of this Court.
Rule 55 has been a part of our procedural rules for more than ten years. The Comments to Rule 55 as well as the rule, itself, expressly state that some form of appearance  an intent to defend the suit  must be made within the required time limit. Mrs. Holmes' attorney made no effort to do so. Moreover, at the March 18, 1992, hearing to set aside the final decree of divorce, Mrs. Holmes offered no evidence although the burden of proof was on her shoulders. The chancellor, therefore, cannot be said to have abused his discretion in refusing to set aside the default judgment when nothing was presented to him to do otherwise or a record made of this hearing. Accordingly, I dissent.
NOTES
[1] Justice Pittman notes that a default judgment is not permitted in divorce cases in any event. However, because the appellant has proceeded under Rule 55, we dispose of the case on that ground.