872 So.2d 783 (2004)
Charles H. WILLIAMS, Jr., Appellant
v.
Pope KELLY and Wife, Jeanette Kelly, Appellees.
No. 2003-CA-00086-COA.
Court of Appeals of Mississippi.
May 11, 2004.
*784 Brent E. Southern, Ridgeland, attorney for appellant.
James H. Herring, attorney for appellees.
EN BANC.
LEE, J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. While Charles Williams, Jr., was building a home in Madison County, he was approached by Chris and Patty Fudge, who offered to purchase the home from Williams. Williams sold the home to the Fudge family on May 1, 1996. In June 1998 the Fudges sold the home to Pope and Jeanette Kelly. Soon after the Kellys purchased the home, the house began to show serious structural problems.
¶ 2. On June 25, 2001, the Kellys filed suit in the Chancery Court of Madison County, naming Chris and Patty Fudge as defendants. The Kellys alleged that the Fudges had defrauded them by concealing the serious structural problems and foundation defects that existed in the house at the time the house was sold.
¶ 3. During discovery, the Kellys subpoenaed Williams to appear at a deposition. On January 2, 2002, Williams (who was not then a party to the action) gave deposition testimony regarding his construction and subsequent sale of the house. Based upon information gleaned from the deposition and other discovery, the Kellys requested permission to amend the complaint and join Williams as a defendant. The trial court granted the amendment on February 22, 2002.
¶ 4. The amended complaint naming Williams as a defendant was filed on March 1, 2002. The amended complaint alleged Williams breached his implied warranty that the house was built in a workman-like manner and was suitable for habitation. The amended complaint also alleged that Williams was guilty of negligence in constructing the house, resulting from non-compliance with acceptable building standards.
¶ 5. On June 12, 2002, the Kellys filed a motion for additional time to serve Williams, and the trial court granted the Kellys an additional 120 days to attain personal service on Williams. Williams was in Ohio on business; however, he was personally served on July 19, 2002.
¶ 6. Events over the next few days are in dispute. Williams alleges that his attorney attempted to contact the Kellys' attorney a number of times during the month of August. The Kellys' attorney argues that he did not receive any communication from either Williams or his attorney. On August 21, 2002, the Kellys moved for a default judgment against Williams based upon his failure to plead, answer, or otherwise defend against the suit. On that *785 same date, the Kellys filed their application to the clerk for a default judgment. The clerk accordingly made an entry of default on the docket, the chancellor granted the Kellys the default judgment, and the clerk filed the judgment of default. Also on August 21, Williams entered an appearance in the case, reserving the right to file a formal response to the complaint and assert all defenses available. However, the document was not stamped "filed" until August 23, 2002. The trial docket reflects that on September 5, 2002, the Kellys filed an answer to Williams's motion to set aside the default judgment. On September 10 the docket reflects an order denying the motion to set aside the default judgment. Williams's motion to set aside the default judgment was not docketed until September 16, 2002. Williams filed his motion to reconsider on September 23, and the motion was denied. Williams now appeals the trial court's decision to grant the default judgment and the trial court's denial of his motion to reconsider.

STANDARD OF REVIEW
¶ 7. "[T]he decision to grant or set aside a default judgment is addressed to the sound discretion of the trial court." Williams v. Kilgore, 618 So.2d 51, 55 (Miss.1992) (citing Pointer v. Huffman, 509 So.2d 870, 875 (Miss.1987)). The discretion must be exercised in conformity with the rules set forth in rules 55(c) and 60(b) of the Mississippi Rules of Civil Procedure. Guar. Nat'l Ins. Co. v. Pittman, 501 So.2d 377, 388 (Miss.1987). This Court has no authority to disturb the trial court's exercise of its discretion, absent a firm conclusion on our part that discretion has been abused. See Wilson v. South Cent. Miss. Farmers, Inc., 494 So.2d 358, 360 (Miss.1986). Thus, to successfully contest the default judgment, Williams must clearly show that the trial court abused its discretion in granting the default judgment.
¶ 8. A motion to set aside a default judgment or an order may be made under Mississippi Rule of Civil Procedure 60(b). Relief may be granted upon a sufficient showing of fraud, mistake, or other justifiable reason. M.R.C.P. 60(b). Generally a Rule 60(b) motion will not be granted unless a three-pronged "balancing" test is satisfied. Under this test, the court must determine: (1) whether the movant's basis for requesting relief is legitimate (e.g., whether a justifiable reason is evidenced); (2) whether the movant has a colorable defense to the merits of the adjudged case; and (3) whether the non-movant will be unduly prejudiced if the motion is granted. Ex rel. Rich v. Nevels, 578 So.2d 609, 613 (Miss.1991) (citing King v. King, 556 So.2d 716, 719 (Miss.1990)).
¶ 9. In determining whether the trial court has abused its discretion in setting aside a default judgment, this court considers three factors: (1) whether the defendant has good cause for default; (2) whether the defendant in fact has a colorable defense to the merits of the claim, and (3) the nature and extent of prejudice which may have been suffered by the plaintiff if the default is set aside. Williams, 618 So.2d at 55.

DISCUSSION OF ISSUES

I. DID THE DEFENDANT HAVE GOOD CAUSE FOR DEFAULT?
¶ 10. In the case sub judice, Williams argues that he attempted to contact the Kellys' counsel a number of times before the default judgment was entered. These attempts to communicate do not, however, explain why an answer was not timely filed.
¶ 11. Instead of explaining a cause for the default, Williams argues that he was *786 entitled to notice of the default because he effectively appeared in the case by testifying at a deposition, although he was not yet a party to the action. Williams also argues that his attorney's attempts to contact the Kellys' attorney constitute an appearance which would entitle him to notice of the application for default. Williams cites Holmes v. Holmes, 628 So.2d 1361 (Miss.1993), in support of these contentions; however, Williams is incorrect.
¶ 12. Holmes does not support the contention that a person who appears for a deposition pursuant to a subpoena has entered an appearance in a case in which he is not yet named as a party. Furthermore, Holmes does not extend to cover Williams's attorney's alleged attempts to contact the Kellys' attorney.
¶ 13. In Holmes, the wife's attorney sent a letter to the husband's attorney indicating the wife's willingness to reach a settlement and her intent to defend as necessary in the suit. The husband's attorney, with knowledge of the letter, moved for default. The supreme court determined that the wife was entitled to notice of the application for default judgment since she had effectively entered an appearance through the letter sent by her attorney.
¶ 14. The case sub judice is easily distinguished from Holmes. In Holmes, unlike the case at bar, the attorney for the husband and the attorney for the wife were in communication with one another, and the communication specifically centered around defending the case and the possibility of settling the case. Although Williams alleges he called the Kellys' lawyer a number of times, the record does not reflect that Williams communicated either his desire to defend or his desire to settle the matter. The inability to contact plaintiffs's counsel does not annul a defendant's obligation to timely answer under Mississippi Rules of Civil Procedure Rule 12. This contention lacks merit; therefore, this factor weighs in favor of the default judgment.

II. DOES THE DEFENDANT HAVE A COLORABLE DEFENSE TO THE MERITS OF THE CLAIM?
¶ 15. Williams cites excerpts from his deposition to support his contention that he possesses a colorable defense to the merits of the claim. Williams cites his testimony that he had a professional inspection of the home during its construction. Williams testified that the Fudges had their own inspection of the home. Williams also cites portions in his deposition that discuss the type of foundation reinforcements he used to prevent the home from settling. These inspections and the precautions taken to prevent settling do not absolve Williams's responsibility for failing to determine whether or not Yazoo clay was present in the soil. George B. Gilmore Co. v. Garrett, 582 So.2d 387, 393 (Miss.1991).
¶ 16. Williams has not broached any other potential defense to the Kellys' claim against him, choosing instead to focus on his attempts to contact the Kellys' counsel. Accordingly, this factor weighs in favor of the default judgment.

III. WHAT IS THE NATURE AND EXTENT OF THE PREJUDICE SUFFERED BY THE PLAINTIFFS IF THE DEFAULT IS SET ASIDE?
¶ 17. The chancellor determined that this one element weighed in favor of Williams, finding that the Kellys would suffer little, if any, harm if the default judgment were set aside. However, this one factor does not outweigh Williams' failure to meet the factors previously discussed.
*787 ¶ 18. In sum, Williams argues that the default judgment should be set aside because he tried to call the Kellys' counsel a number of times and because the Kellys will not be unduly prejudiced if the default judgment is set aside. Although this Court does not favor default judgments, we find that Williams has failed to show that the chancellor abused his discretion in granting the default judgment. Williams has not shown good cause for failing to answer, and Williams has not shown that he has a colorable defense to the suit. Accordingly, the judgment of the trial court is affirmed.
¶ 19. THE JUDGMENT OF THE CHANCERY COURT OF MADISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, IRVING, MYERS AND CHANDLER, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.