GRIFFIS, P.J.,
for the Court:
¶ 1. Arvind Kumar, individually and d/b/a Holiday Inn of Columbus, Tony Savage, and Tracey Savage (collectively “Appellants”) appeal the Lowndes County Circuit Court’s denial of their motion to set aside a default judgment. They claim that because they clearly expressed their intent to defend against the claims made by Shanna Loper, they were entitled to notice of the default hearing. We agree; therefore, the judgment of the circuit court is reversed, and this case is remanded for further proceedings consistent with this opinion.
FACTS
¶ 2. Kumar operates the Holiday Inn in *834 Columbus, Mississippi.[1] Tracey manages the bar and lounge at the Holiday Inn. Tracey hired her son, Tony, to clean and stock the bar. Tracey later hired her cousin, Loper, to work as a cocktail waitress. Loper held the job for four months. Tracey testified that Loper was fired because she forged a customer’s credit-card ticket. Loper claims that she was forced to leave the position because she was sexually harassed by Tony.
¶ 3. On August 6, 2008, counsel for Lop-er sent a demand letter to Kumar asserting claims of sexual harassment and intentional infliction of emotional distress. On August 18, 2008, attorney Ed Pleasants responded to the demand. He stated that his letter served as notice that he was representing the Appellants in this matter. He further stated that the Appellants categorically and emphatically denied every single claim made by Loper. All requests by Loper to resolve her claims outside of litigation were rejected.
¶ 4. The attorneys exchanged several emails about certain evidence related to Loper’s claims. At no time did Pleasants change his position that the Appellants strongly denied all claims. There was never any effort to resolve the claims.
¶ 5. On December 9, 2008, after counsel for Loper had not received any further correspondence from Pleasants, Loper filed her complaint in the circuit court. She stated that Tony had sexually harassed her at work, and Tracey and Ku-mar were responsible as her supervisor and employer. Tony was served with process on December 9, 2008. Kumar and Tracey were served on December 12, 2008. Loper’s attorney spoke with Pleasants after the complaint had been filed. Pleas-ants said that he no longer represented the Appellants and that he thought another attorney would be handling the case. Neither Pleasants nor any other attorney ever made an appearance on behalf of the Appellants, and no answer was filed.
¶ 6. A default judgment was entered by the circuit court, and a hearing was held to determine damages. The Appellants did not receive notice of the hearing. On June 11, 2009, the circuit court entered an order awarding Loper $100,000 in damages.
¶ 7. While representing Kumar in an unrelated matter, Kumar’s attorney discovered the default judgment. On August 11, 2009, the Appellants filed an answer to Loper’s complaint and moved to vacate the default judgment entered against them. At the hearing to set aside the default, Tracey testified that she called Pleasants after the Appellants had received Loper’s demand letter. Pleasants gave her a copy of his letter in response, which stated that Pleasants was representing the Appellants in the matter.
¶ 8. Tracey testified that she called Pleasants immediately after she was served with Loper’s complaint. Tracey was aware that she had thirty days to answer the complaint. She had weekly contact with Pleasants to check on the filing. She said that Pleasants brought her a copy of the answer and told her that it had been filed within the time allowed. She offered her copy of the answer into evidence at the hearing. The date line on the answer was left blank, stating: “Respectfully submitted, this the_th day of January, 2009.”
¶ 9. Tracey said that, once the answer had been filed, she had no reason to believe that any further action was required *835 on her part at that time. She testified that she was waiting on Pleasants to let her know what to do next. She said she was shocked to learn that a default judgment had been entered because she believed the answer had been filed.
¶ 10. Following the hearing, the circuit court found that no one had made an appearance on behalf of the Appellants; therefore, they were not entitled to notice of the hearing on the default judgment. The Appellants’ motion to vacate the default judgment was denied.
STANDARD OF REVIEW
¶ 11. The standard of review for a circuit court’s denial of a motion to set aside a default judgment is an abuse of discretion. McCain v. Dauzat, 791 So.2d 839, 842 (¶ 5) (Miss.2001). Questions of law are reviewed de novo. Madison HMA, Inc. v. St. Dominic-Jackson Mem’l Hosp., 35 So.3d 1209, 1215 (¶ 17) (Miss.2010).
ANALYSIS

Whether Mississippi Rule of Civil Procedure 55(b) entitled the Appellants to notice of the hearing on Loper’s motion for a default judgment.

¶ 12. The Appellants contend that Pleasants’s response to Loper’s demand letter clearly manifested their intent to defend against Loper’s claims. Loper responds that the Appellants failed to appear and defend against the claims after the complaint was filed. According to Loper, that meant the Appellants were not entitled to notice of the hearing on default.
¶ 13. Rule 55(b) states in part: “If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three days prior to the hearing of such application.... ” M.R.C.P. 55(b). The comment to Rule 55 states: “The purpose of [the notice requirement] of Rule 55(b) is ... to protect those parties who, although delaying in a formal sense by failing to file pleadings within the thirty day period, have otherwise indicated to the moving party a clear purpose to defend the suit.”
¶ 14. It is evident from the language of Pleasants’s letter that the Appellants indicated a clear intent to defend against Lop-er’s claims. The Mississippi Supreme Court has held that such informal contacts between parties, including the exchange of letters between attorneys, might constitute an appearance under Rule 55(b). Holmes v. Holmes, 628 So.2d 1361, 1364 (Miss.1993) (citing H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 692 (D.C.Cir.1970)).
¶ 15. Loper contends that the letter was insufficient because it happened before the complaint was filed. However, simply because the letter was sent during Loper’s attempts to negotiate a settlement prior to the filing of the complaint does not change the fact that Loper was aware of the Appellants’ intent to defend the suit. Despite this knowledge, Loper failed to give notice to the Appellants of the hearing on default.
¶ 16. In Holmes, Fred M. Holmes filed a complaint for divorce from his wife, Kay Hollingshead Donald Holmes. Holmes, 628 So.2d at 1362. After Kay was served with process, she hired an attorney who wrote a letter to Fred’s attorney. Id. The letter informed Fred’s attorney of his representation of Kay. The letter further expressed a desire to settle the case. Id. During negotiations, Kay failed to file an answer within thirty days. Fred, without giving notice to Kay, presented evidence to the chancellor, and a judgment of divorce was granted. Id. In reversing the judgment of the chancellor, the supreme court stated:
*836 In the case at bar, Mrs. Holmes promptly contacted an attorney. Her attorney wrote her husband’s attorney and informed him that Mrs. Holmes was represented by counsel and that she wished to settle the case if possible; however, he made clear Mrs. Holmes’[s] intent to defend the suit should no settlement be reached. With knowledge of this letter, Mr. Holmes’[s] attorney nevertheless proceeded to secure a divorce by default against Mrs. Holmes. In this regard, his conduct suggests gamesmanship. In the Comment to M.R.C.P. 1, it is stated that “properly utilized, the rules will tend to discourage battles over mere form and to sweep away needless procedural controversies that either delay a trial on the merits or deny a party his day in court because of technical deficiencies.” Conversely, improper utilization of the rules invariably results in the type of gamesmanship and ambush techniques, employed in the case at bar, that the rules were designed to abolish. We refuse to condone such behavior and therefore reverse the judgment of the chancellor and remand for proceedings consistent with the opinion rendered in this cause.
Id. at 1364-65.
¶ 17. Similarly, Loper was aware of the Appellants’ express intent to defend against Loper’s claims, yet Loper moved for a default judgment without any notice to the Appellants or Pleasants.[2] In Tucker v. Williams, 7 So.3d 961, 967-68 (¶ 23) (Miss.Ct.App.2009), we cited the Holmes court’s refusal to condone one party’s attempt to avoid the duty to provide notice under Rule 55(b), stating:[3]
In the matter presently before us, correspondence between attorneys reveals that Boackle relayed Tucker’s and H & G’s intent to file a counterclaim if the Williamses filed their complaint. A statement that one will file a counterclaim is obviously a statement indicative of intent to defend a claim. Consequently, the Williamses were obligated to provide Tucker and H & G’s attorney three days’ notice of the hearing on their application for default judgment. Nothing in the record demonstrates that the Williamses fulfilled their obligation.
¶ 18. We find that the letter from Pleasants to Loper’s counsel, even though it was sent prior to the filing of the complaint, sufficiently expressed the Appellants’ intent to defend against the claims asserted by Loper. The Appellants were entitled to three days’ notice of the hearing on the default judgment. Accordingly, the judgment of the circuit court is reversed. On remand, the circuit court should hold a hearing on default once the Appellants have been given proper notice under Rule 55(b).
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
*837 LEE, C.J., IRVING, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. RUSSELL, J., NOT PARTICIPATING.

. There is some dispute as to whether Kumar himself or Mit-Sar, LLC, created by Kumar and his wife, operates the franchise of Holiday Inn. Mit-Sar, LLC was not named as a defendant in this case.

. We realize that Loper’s attorney presented his notes detailing a conversation with Pleas-ants after the complaint was filed in which Pleasants said he was no longer representing the Appellants. However, there is no written proof of this statement by Pleasants that contradicts his initial letter sent to Loper’s counsel. Nor does this explain why notice was not given to the Appellants personally if Loper’s counsel truly believed the Appellants no longer had legal representation in this matter.

. The default judgment in Tucker was reversed on other grounds.