ON WRIT OF CERTIORARI

CARLSON, Presiding Justice,
for the Court:
¶ 1. Arvind Kumar, individually and d/b/a Holiday Inn of Columbus, Tony Savage, and Tracey Savage (defendants) appeal the Lowndes County Circuit Court’s denial of their motion to set aside a default judgment which was entered against them based on a complaint filed by Shanna Lop-er. Before the complaint was filed, the defendants’ attorney, Ed Pleasants, had written a letter to Loper’s attorney denying Loper’s claims. However, once the complaint was filed in circuit court, the defendants did not file a formal answer to the complaint. The only further communication Loper’s counsel received from Pleasants was a phone call stating that he would no longer be representing the defendants. After a default judgment as to liability was entered, without notice to the defendants, the circuit court set a date for a hearing to assess damages, again without notice to the defendants. The Court of Appeals found that, since the defendants had clearly expressed their intent to defend against Loper’s claims, they were entitled to notice prior to the entry of the default judgment. Thus, the Court of Appeals reversed the judgment of the Lowndes County Circuit Court and remanded the case for further proceedings. Thereafter, we granted Loper’s petition for a writ of certiorari. We vacate the judgment of the Court of Appeals and remand the case for further proceedings.
FACTS AND PROCEEDINGS IN THE TRIAL COURT
¶ 2. Arvind Kumar operated the Holiday Inn in Columbus. Tracey Savage managed the bar and lounge at the Holiday Inn. Two of the employees Tracey supervised were her son, Tony Savage, who cleaned and stocked the bar, and her cousin, the plaintiff, Shanna Loper, who worked as a cocktail waitress. Loper held the job for four months.
¶ 3. The circumstances surrounding Lop-er’s leaving her employment on July 25, 2008, are disputed. The defendants allege that Loper was fired because she forged a customer’s credit-card ticket and offered sex for money to another customer. In addition, the defendants allege that Loper drank on the job and made unwanted sexual contacts with customers and other employees. Loper claims that she was not fired, but rather quit the position because she was sexually harassed by Tony.
¶ 4. On August 6, 2008, counsel for Lop-er sent a demand letter to Kumar asserting claims of sexual harassment and intentional infliction of emotional distress. On August 18, 2008, Kumar’s attorney, Pleas-ants, responded to Loper’s demand letter. He stated that his letter served as notice that he was representing the defendants in this matter, and that the defendants denied Loper’s claims. The attorneys also exchanged several e-mails about certain evidence related to Loper’s claims, and Pleasants consistently maintained that the *811 defendants denied all claims. No efforts to resolve the claims were ever made.
¶ 5. On December 9, 2008, Loper filed her complaint in the circuit court.[1] In her complaint, Loper asserted that Tony had sexually harassed her at work, and that Tracey and Kumar were responsible for Tony’s actions, in their capacities as Tony’s supervisor and employer, respectively. However, the defendants alleged that Lop-er’s actual employer was Mit-Sar, LLC, a limited-liability company controlled by Ku-mar and his wife. Mit-Sar is not a party in this case. Tony was served with process on December 9, 2008. Kumar and Tracey were served on December 12, 2008.
¶ 6. After the complaint had been filed, Loper’s attorney spoke with Pleasants, who stated that he no longer represented the defendants and that he thought another local attorney, Taylor Smith, might be handling the case. However, neither attorney, nor any other attorney, ever made an appearance on behalf of the defendants, and no answer was ever filed. Sometime thereafter, the defendants became unable to locate Pleasants.[2]
¶ 7. The circuit court entered a default judgment as to liability on February 24, 2009, and a hearing was held later to determine damages. Again, the defendants were not provided notice of the hearing. On June 11, 2009, the circuit court entered an order awarding Loper $100,000 in damages, for which Kumar, Tracey, and Tony were jointly and severally liable.[3] Thereafter, Kumar’s attorney discovered the existence of the default judgment while representing Kumar in an unrelated matter.
¶ 8. On June 17, 2009, the defendants filed a motion to set aside both the judgment as to liability and the award of damages. On August 11, 2009, the defendants filed an answer denying liability and setting out several affirmative defenses. At the hearing to set aside the default judgment, Tracey testified that she had called Pleasants after the defendants had received Loper’s demand letter. Pleasants had responded with a copy of a letter stating that he was representing the defendants in the matter. Tracey testified that she was aware that she had thirty days to answer the complaint, and that she had weekly contact with Pleasants inquiring as to the status of filing an answer.
¶ 9. Tracey stated that Pleasants brought her a copy of the answer and told her that it had been filed within the time allowed. She offered her copy of the answer into evidence at the hearing. In Tracey’s copy of the answer, the date line was left blank, stating: “Respectfully submitted, this the _th day of January, 2009.” Tracey testified that, as she believed that the answer had been filed, she had no reason to believe that further action was required on her part at that time. She stated that she was waiting on their attorney to let her know what to do next. She said that she was shocked to learn that a default judgment had been entered against them.
¶ 10. Following the hearing on the defendants’ motion to set aside the default judgment, the circuit court found that no one had made an appearance on behalf of *812 the defendants, and that, therefore, they were not entitled to notice of the hearing on the default judgment. Thus, the defendants’ motion to vacate the default judgment was denied. Aggrieved, the defendants appealed, and this Court assigned the case to the Court of Appeals.
PROCEEDINGS BEFORE THE COURT OF APPEALS
¶ 11. The Court of Appeals reversed and remanded, finding that the letter from the defendants’ original attorney to Lop-er’s counsel, although sent prior to the filing of the complaint, sufficiently expressed the defendants’ intent to defend against Loper’s claims. Kumar v. Loper, 80 So.3d 833, 836, 2011 WL 2185588 at *4, ¶ 18 (Miss.Ct.App.2011), reh’g denied (Aug. 30, 2011), cert. granted, 73 So.3d 1168 (Miss.2011). Hence, the Court of Appeals opined that the defendants were entitled to three days’ notice of the hearing on the default judgment. Based on this reasoning, the Court of Appeals did not address the three-prong test to be applied in determining whether the trial court abused its discretion in refusing to set aside the default judgment. Thereafter, Loper filed a petition for writ of certiorari, which this Court granted.
DISCUSSION
¶ 12. The standard of review for a circuit court’s denial of a motion to set aside a default judgment is abuse of discretion. American States Ins. Co. v. Rogillio, 10 So.3d 463, 467 (Miss.2009) (citing Guar. Nat’l Ins. Co. v. Pittman, 501 So.2d 377, 388 (Miss.1987)). “On questions of law, appellate courts use a de novo standard of review.” Estate of Davis v. O’Neill, 42 So.3d 520, 524 (Miss.2010) (citations omitted). The trial court’s “discretion must be exercised in accordance with the provisions of Rules 55(c) and 60(b) as well as the supplementary criteria given validity in the decisions of this Court.” Pittman, 501 So.2d at 388.

I. Whether a Letter Sent Before a Case is Filed May Constitute an Appearance.

¶ 13. In her petition for writ of certio-rari, Loper argues that the Court of Appeals erred by holding that the circuit court committed error when the circuit court found that the letter from the defendants’ attorney to Loper’s counsel, sent prior to the filing of the complaint, did not constitute an appearance under Mississippi Rule of Civil Procedure 55(b). We agree with Loper.
¶ 14. Rule 55(b) requires, in part, that “[i]f the party against whom judgment by default is sought has appeared in the action, he (or if appearing by a representative, his representative) shall be served with written notice of the application for judgment at least three days prior to the hearing of such application....” Miss. R. Civ. P. 55(b). The comment to this rule states that the purpose of this notice requirement is “to protect those parties who, although delaying in a formal sense by failing to file pleadings within the thirty day period, have otherwise indicated to the moving party a clear purpose to defend the suit.” Miss. R. Civ. P. 55(b) cmt.
¶ 15. This Court’s caselaw has liberalized the definition of an “appearance” for Rule 55(b) purposes. In Holmes v. Holmes, 628 So.2d 1361, 1363-64 (Miss.1993), this Court held as follows:
Traditionally, for an action to constitute an appearance, one had to file documents in or actually physically appear before a court. Trust Co. Bank. v. Tingen-Millford Drapery Co., 119 F.R.D. 21, 22 (E.D.N.C.1987). Today, however, those requirements have been relaxed considerably for Rule 55 purposes. *813 “Courts now look beyond the presence or absence of such formal actions.... ” Lutomski v. Panther Valley Coin Exchange, 653 F.2d 270, 271 (6th Cir.1981). The appearance commanded by Rule 55(b) has been defined broadly and interpreted liberally and is not limited to formal court appearances. Heleasco Seventeen, Inc. v. Drake, 102 F.R.D. 909, 912 (D.Del.1984).
Id. at 1363-64 (citations omitted). This Court has held that “[o]nce a party has made an indicia of defense or denial of the allegations of the complaint such party is entitled to at least three days[’] written notice of the application for default judgment.” Wheat v. Eakin, 491 So.2d 523, 525 (Miss.1986).
¶ 16. The Court of Appeals noted that the language of defense counsel’s letter, responding to Loper’s demand letter, submitted before Loper filed her complaint commencing suit, indicated a clear intent to defend against Loper’s claims. This Court has recognized that informal contacts between parties, including the exchange of letters, might constitute an appearance under Rule 55(b). Holmes, 628 So.2d at 1364 (citing H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 692 (D.C.Cir.1970)). Loper argued that the letter was insufficient in this case because it was sent before the complaint was filed, and that, thus, the present facts were distinguishable from those in Holmes. The Court of Appeals was not persuaded by this logic, and found this case to be analogous to Holmes. Kumar v. Loper, 2009-CA-02037-COA *3, ¶¶ 16-17.
¶ 17. The Court of Appeals further noted that Loper was aware of the defendants’ express intent to defend against Loper’s claims, yet Loper moved for a default judgment without any notice to the defendants or to their attorney. The Court of Appeals cited its own precedent in Tucker v. Williams, 7 So.3d 961, 967-68 (Miss.Ct.App.2009), in which it held that “[a] statement that one will file a counterclaim is obviously a statement indicative of intent to defend a claim. Consequently, the Williamses were obligated to provide Tucker and H & G’s attorney three days’ notice of the hearing on their application for default judgment....” Id.
¶ 18. The defendants further cite Rogillio, 10 So.3d at 476, to support their position. In Rogillio, this Court refused to set aside a default judgment against American States, where that entity relied on a discussion between its claims specialist and Rogillio’s attorney. Id. at 475. The contents of that discussion were disputed as to any announcement of intent to defend and contest coverage. This Court also surveyed several previous cases and announced:
Although an appearance need not be a formal entry of appearance or a physical presence in court, in the illustrative cases summarized above, the defendants either 1) served or sent a document to the plaintiff indicating in writing the defendant’s intent to defend, 2) filed a document with the court indicating in writing the defendant’s intent to defend, or 3) had counsel communicate to opposing counsel the defendant’s intent to defend.
Id. at 476.
¶ 19. Mississippi Rule of Civil Procedure 3(a) provides that “[a] civil action is commenced by filing a complaint with the court.” Miss. R. Civ. P. 3(a). The comment provides that “[t]he purpose of Rule 3(a) is to establish a precise date for fixing the commencement of a civil action. The first step in a civil action is the filing of the complaint with the clerk or judge. Accord, Bacon v. Gardner, 23 Miss. 60 (1851).” Miss. R. Civ. P. 3 cmt. This Court’s prec *814 edent is well settled that an appearance for the purposes of notice under Mississippi Rule of Civil Procedure 55(b) need not be so formal as a motion in court, and that an exchange of letters may suffice. However, in the cases cited by the parties and by the Court of Appeals, such communication always took place after a case had been commenced by filing a complaint in court. This Court has never gone so far as to hold that an appearance may occur before an action has been filed; that is, legally commenced.
¶ 20. Neither Holmes, Tucker, nor Rogillio, nor any other authority of which we are aware, involves a case factually similar to today’s case, where the sole alleged appearance occurred before the complaint was filed. Thus, today we find that, for Rule 55(b) purposes, an appearance cannot be entered before a case has been filed. No “free pass” is available for parties who preemptively but informally respond to potential complaints, but fail, in due diligence, to respond to the actual complaint later filed in court. Parties are not required to be aware of all informal communication concerning related matters occurring in the months, and sometimes years, leading up to the filing of a formal complaint, which officially commences the litigation in court. Instead, we hold that the appearance requirement under Mississippi Rule of Civil Procedure 55(b) cannot be satisfied until after an action has been commenced in court as provided under Mississippi Rule of Civil Procedure 3(a).
¶ 21. The defendants also make the argument that the call from Pleasants to Loper’s attorney, stating that he no longer represented the defendants and that Taylor Smith might be taking over their representation, constituted an appearance. We are not persuaded by this argument. That telephone call did not include indicia of defense or denial of the allegations of the complaint. It did not meet the requirements of a Rule 55(b) appearance.
¶ 22. The defendants in this case did not enter an appearance under the meaning of the rule, and therefore did not qualify for notice of the hearing. Thus, we are constrained to find that the Court of Appeals erred in finding that the defendants made an appearance, for Rule 55(b) purposes. But this finding does not end our inquiry.

II. Whether the trial court abused its discretion in refusing to set aside the default judgment.

¶ 23. We now turn to our review of the circuit court’s failure to grant the defendants’ motion to set aside the default judgment. Mississippi Rule of Civil Procedure 55(c) states that “[f]or good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).” Getting straight to the point, given the clear weight of our caselaw, as well as the facts and circumstances peculiar to this particular case, the circuit court’s failure to grant the defendants’ motion to set aside the default judgment constituted an abuse of discretion.
¶ 24. This Court has stated that “[wjhere there is a reasonable doubt as to whether or not a default judgment should be vacated, the doubt should be resolved in favor of opening the judgment and hearing the case on its merits.” McCain v. Dauzat, 791 So.2d 839, 843 (Miss.2001) (quoting Southwestern Sur. Ins. Co. v. Treadway, 113 Miss. 189, 199, 74 So. 143, 146 (1917)). This Court will not reverse unless the trial court has abused its discretion, however, such “discretion must be exercised in accordance with the provisions of Rules 55(c) and 60(b) as well as the supple *815 mentary criteria given validity in the decisions of this Court.” Guaranty Nat’l Ins. Co. v. Pittman, 501 So.2d 377, 388 (Miss.1987). Mississippi Rule of Civil Procedure 60(b) provides, in relevant part:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
(1) fraud, misrepresentation, or other misconduct of an adverse party;
(2) accident or mistake;
(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
(6) any other reason justifying relief from the judgment.
Miss. R. Civ. P. 60(b).
¶25. This Court has stated that “[ajscertaining the meaning of the provisions of Rule 55(c) and Rule 60(b)(5) and (6) with any degree of precision simply may not be done for the language is hopelessly open textured. A consideration of the criteria of those rules together boils down almost to a balancing of the equities. ...” Pittman, 501 So.2d at 388. As a result, this Court applies a three-prong balancing test, considering:
(1)the nature and legitimacy of the defendant’s reasons for his default, i.e., whether the defendant has good cause for the default;
(2) whether [the] defendant in fact has a colorable defense to the merits of the claim, and
(3) the nature and extent of prejudice which may be suffered by the plaintiff if the default judgment is set aside.
Rogillio, 10 So.3d 463, 468 (citing H & W Transfer & Cartage Serv., Inc. v. Griffin, 511 So.2d 895, 898 (Miss.1987)).
¶ 26. The first prong[4] of this test favors the defendants. In analyzing this prong, this Court has examined the “story” of the defendants and, taking it as true, considered whether it amounted to good cause. H & W Transfer & Cartage Serv., 511 So.2d at 899 (Miss.1987). This Court has stated that “[a]s a general rule, the ‘extraordinary relief provided for by Rule 60(b), will be granted ‘only upon an adequate showing of exceptional circumstances,’ and gross negligence, ignorance of the rules, ignorance of the law, or carelessness on the part of the attorney will not provide sufficient grounds for relief.” Accredited Sur. & Cas. v. Bolles, 535 So.2d 56, 58 (Miss.1988) (quoting Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss.1984)). Here, the defendants claim that they maintained regular contact with their attorney, Pleasants. The defendants state that their attorney informed them that he had filed an appearance, and even showed them an undated copy of the answer he claimed to have filed. This undated copy of the answer is in the record.
¶ 27. Under these facts, the defendants were not aware of, and ought not reasonably to have been aware of, this failure, or of their attorney’s purported withdrawal from the case. The defendants were never made aware of the attorney’s withdrawal, and they believed that he was still diligent *816 ly defending their case. Tracey testified that, since she was told by Pleasants that the answer had been filed, she had no reason to believe that further action was required on her part at that time. While it is the responsibility of the parties to ensure that their attorneys diligently represent them, this sort of egregious misconduct on the part of the attorney (taking Tracey’s testimony to be true for the purposes of discussing the issue before us) was not common or predictable. This misconduct went beyond negligence, ignorance, or carelessness and constituted exceptional circumstances. The defendants did everything that prudent defendants would be expected to do in such circumstances. Hence, we find that the defendants had good cause for their default.
¶ 28. The second prong[5] strongly favors the defendants. The defendants deny Loper’s allegation of sexual harassment. The defendants, indeed, deny that Loper ever quit due to the alleged harassment; they allege that Loper was fired after, among other things, fraudulently using the credit card of a customer and forging that customer’s signature, and offering to perform sexual acts for a different customer in exchange for money. Thus, the defendants unquestionably have a colorable defense to the merits of the claims asserted by Loper.
¶ 29. The final prong is the nature and extent of the prejudice which may be suffered by the plaintiff if the default judgment is set aside. The fact that Lop-er would be forced to continue pursuing this litigation is not considered “cognizable prejudice.” Bailey v. Georgia Cotton Goods Co., 543 So.2d 180, 183 (Miss.1989). However, this Court has found that the fact that “the injured plaintiff is without a resolution to her claim for that period of time [i.e., the period of delay caused by the defendant’s default]” constitutes prejudice. Pittman, 501 So.2d at 388. Of course, this Court is sensitive to such concerns in a case of alleged sexual harassment and consequent emotional distress. Thus, the third prong weighs in Loper’s favor.
¶ 30. However, in noting the prejudice to the plaintiff if the default judgment is set aside, as this prong requires, we also note the prejudice to the defendants caused by the default judgment, which we have found was entered through no lack of diligence on their part. If the circuit court’s judgment were allowed to stand, the defendants would be compelled to surrender $100,000 to Loper, without an appropriate opportunity to defend themselves.
¶ 31. Although the defendants extensively briefed the three-prong test in both their Motion to Set Aside the Default and their Motion for Reconsideration, the trial judge did not explicitly address this three-prong test in his orders denying those motions. Both orders, however, claim to have reviewed the relevant pleadings. The defendants allege that the trial judge did not, in fact, apply the three-prong test required by this Court’s case-law. That claim cannot be evaluated based on the record before us. However, we can state with certainty that, if the trial judge failed to apply the test, he abused his discretion. On the other hand, even if the trial judge did apply the familiar three-prong test, we are constrained to find on the record before us that it was an abuse of discretion not to grant the defendants’ motion to set aside the default.
¶ 32. The Comment to Mississippi Rules Civil Procedure 1 states that “[p]roperly utilized, the rules will tend to *817 discourage battles over mere form and to sweep away needless procedural controversies that either delay a trial on the merits or deny a party his day in court because of technical deficiencies.” In today’s case, the circuit court denied the defendants their day in court due to a technical deficiency that was outside the scope of their knowledge.
CONCLUSION
¶ 33. While the requirements for an appearance under Mississippi Rule of Civil Procedure 55(b) are liberal, an appearance cannot occur before an action is commenced: that is, before a complaint or other formal pleading has been filed to commence the legal action in court. Therefore, we respectfully disagree with the reasoning of the Court of Appeals that a letter sent before the filing of a case may constitute an appearance. Nevertheless, the circuit court’s denial of the defendants’ motion to set aside the default judgment was an abuse of discretion, under the three-prong analysis that this Court must apply. We thus vacate the judgment of the Court of Appeals. This case is reversed and remanded to the Circuit Court of Lowndes County for further proceedings consistent with this opinion.
¶ 34. THE JUDGMENT OF THE COURT OF APPEALS IS VACATED. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY IS REVERSED AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
WALLER, C.J., DICKINSON, P.J., RANDOLPH, LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR.

.The defendants were listed as "Arvind Ku-mar, Individually and d/b/a Holiday Inn of Columbus, Bhavna Kumar, Tony Savage and Tracey Savage." Bhavna Kumar, Arvind Ku-mar’s ex-wife, although named as a defendant, was never served with process, and she has never entered an appearance.

. At oral arguments, counsel stated that Pleasants had "disappeared off the face of the earth.”

. Since Bhavna Kumar had never been served with process, judgment was not entered against her.

. "(1) the nature and legitimacy of the defendant’s reasons for his default, i.e., whether the defendant has good cause for the default....”

. "(2) whether [the] defendant in fact has a colorable defense to the merits of the claim....”